C. R. (Neil) GRIFFIN and wife, Elizabeth N. Griffin, Complainants-Appellants,

v.

G. Patrick ARNOULT, Conservator for George Young Jones, Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section,
at Jackson.

June 13, 1974.

Certiorari Denied May 12, 1975.

William D. Marshall, Jr., Hal Gerber, Memphis, for appellants.

Krivcher & Cox, James S. Cox, Memphis, for appellee.

CARNEY, Presiding Judge.

Mr. and Mrs. Griffin, as sole beneficiaries under the will of G. Y. Jones, have appealed from an award of $12,500 fee to G. Patrick Arnoult, the conservator of G. Y. Jones, and an award of $25,000 attorneys' fees to James S. Cox for services rendered to the conservator in a suit against the complainants for the recovery of certain alleged inter vivos gifts by the deceased, G. Y. Jones and/or his wife, Mrs. Grace Yates Jones, also now deceased.

The conservator sought the recovery of approximately $342,000. He recovered a judgment in the Chancery Court of Shelby County for $275,000 against the complainants together with an order for the return of bearer bonds in the amount of $64,000. On an appeal to this Court the judgment was reduced to $78,000. Certiorari was denied by the Tennessee Supreme Court and the judgment became final. See *Arnoult v. Griffin*, Tenn.App., 490 S.W.2d 701.

After Mr. Jones' death, his will was offered for probate and contested by his relatives. A compromise was entered into between the complainants-appellants and some of the contestants and the will was admitted to probate. The appellants, Mr. and Mrs. Griffin, as the sole beneficiaries acceded to all of the property of Mr. Jones including the judgment against themselves of $78,000.

His Honor, Judge Pierotti, the Probate Judge, awarded the conservator a fee of $12,500 and awarded James S. Cox an attorney's fee of $25,000.

 Assignment of error No. I insists that His Honor the Trial Judge was in error in finding that the conservator was, at all times, acting upon reasonable grounds. We find no merit in this assignment of error and it must be respectfully overruled. His Honor the Probate Judge was fully informed as to the actions of the conservator and the conservator was expressly authorized by the Probate Judge to bring the litigation referred to above.

Assignments of error II and III challenge the award of $25,000 to the conservator's counsel. Appellants aver that the fee is excessive and his services were of little or no benefit to the ultimate beneficiaries of the conservatorship estate.

 When the matter of the fees of the conservator and his attorney came on to be heard before the Probate Court, appellants, through their solicitors, appeared and made objection to any fee being awarded to the attorney for the conservator insisting, as here, that the services of the attorney did not inure to the benefit of the appellants who were the ultimate beneficiaries of the estate. His Honor the Probate Judge filed an opinion in which he outlined the history of the litigation in Chancery Court and emphasized the fact that the filing of the litigation in Chancery Court was not the decision of the conservator but a decision of the Probate Court. Judge Pierotti further found that 755 hours had been expended by the conservator and his attorney and fixed a total compensation for both at $37,500. He then apportioned the amount by allowing $12,500 to Mr. Arnoult, the conservator, and $25,000 to his attorney, Mr. Cox. The Probate Judge has authority to award fees to the conservator and to his attorney. The evidence does not preponderate against the amounts allowed by Judge Pierotti. Assignments of error II and III are respectfully overruled.

The judgment of the lower Court is, therefore, in all things affirmed and the cause is remanded to the lower Court for further proceedings consistent with this opinion. The costs in the lower Court and in this Court are taxed against the estate of G. Y. Jones.

MATHERNE and NEARN, JJ., concur.